IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN CASTLEBERRY (B-59415), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10 C 1769 |
| ) | |
| ) | Judge Ronald A. Guzman |
| CITY OF CHICAGO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Steven Castleberry, an inmate at Stateville Correctional Center, brought this civil rights action pursuant to 42 U.S.C. § 1983 against Chicago Police Officers Louis Jones, Rolando Godinez, Gerardo DeLuna, Jennifer Ghouston, and an unknown officer.[1] Plaintiff alleged that, on July 27, 2009, after being transported from the Cook County Jail to a Chicago police station to participate in a line-up, Officers Jones and Godinez beat him while Officer DeLuna and the unknown officer watched but did not intervene. In an amended complaint, Plaintiff added the City of Chicago as a Defendant, alleging that the City failed to train and supervise its officers and that the City knew that its officers used excessive force against and falsely charged black citizens but failed to correct the problem.

Currently before the Court is the City's motion for summary judgment. It contends that Plaintiff cannot establish a municipal liability claim against it. Plaintiff has responded. For the reasons that follows, the Court grants the City's motion and dismisses it from this suit.

---

[1] In an order granting in part and denying in part the officers' motion to dismiss, the Court dismissed Officer Ghouston, but allowed Plaintiff to proceed against the other officers. (R. 48, Order of 3/14/11.)

## I. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether factual issues exist, a court must view all the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Weber v. Universities Research Assoc., Inc.*, 621 F.3d 589, 592 (7th Cir. 2010). A court does not "judge the credibility of the witnesses, evaluate the weight of the evidence, or determine the truth of the matter. The only question is whether there is a genuine issue of fact." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009), *citing Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50 (1986).

Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the moving party meets its burden of showing that there are no issues of material fact and that he is entitled to a judgment as a mater of law, the non-moving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal quotation marks and citations omitted); *Celotex*, 477 U.S. at 322-26. "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Egonmwan v. Cook County Sheriff's Dept.*, 602 F.3d 845, 849 (7th Cir. 2010), *quoting Faas v. Sears, Roebuck & Co.*, 532 F.3d 633, 640-41 (7th Cir. 2008).

When addressing a summary judgment motion, this Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Because Plaintiff is proceeding *pro se*, the City served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by N.D. Ill. Local Rule 56.2. (R. 89, Def.'s Reply, Exh. 1.) The notice explains the consequences of failing to properly respond to a motion for summary judgment and to the undisputed material facts in the movant's Local Rule 56.1 Statement. (*Id.*) A litigant's failure to respond to a statement of fact in a Local Rule 56.1 Statement results in the uncontroverted statement being considered admitted. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). The Court also disregards responses that do not properly cite to the record or that offer only evasive denials may be disregarded. *Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

In the present case, the City filed a Rule 56.1 Statement, (R. 84), and forwarded a Rule 56.2 Notice to Plaintiff. (R. 89, Def.'s Reply, Exh. 1). Although a copy of the notice to the plaintiff is usually submitted with the summary judgment motion, the City has provided the Court with a copy of the notice it sent Plaintiff in its reply to Plaintiff's response. Plaintiff responded to the motion for summary judgment and submitted a pleading titled Declaration in Opposition to Defendant's Motion for Summary Judgment with several statements, (R. 87, 88); he did not, however, respond to the City's Rule 56.1 statements. This Court may thus consider the City's Rule 56.1 statements admitted, to the extent they are supported by the record. *Raymond*, 442 F.3d at 608. The Court

will entertain Plaintiff's statements, but only insofar as he could properly testify about the matters asserted. *See* Fed. R. Evid. 602. The Court will also supplement the City's factual statements with references to the record, as necessary, to provide a full background of the facts and issues of this case. With these standards in mind, the Court considers the evidence of this case.

## II.  FACTS

On July 27, 2009, Officer Ghouston requested a writ to have Plaintiff brought from Cook County Jail to a police station to participate in a line-up as part of an investigation of an aggravated sexual assault. (R. 84, Def.'s Rule 56.1 Statement ¶ 4.) After Plaintiff arrived at the police station, he told Ghouston that he needed his medication for depression. (*Id.* at ¶ 5.) The following day, he was taken to Jackson Park Hospital by Officer DeLuna and an unknown officer for a psychiatric evaluation. (*Id.* at ¶ 6.) According to Plaintiff's amended complaint, which the City attaches as an exhibit, after Officer DeLuna and the unknown officer escorted Plaintiff back to the police station from Jackson Park Hospital, Officers Jones and Godinez beat and kicked Plaintiff's head and body while Officer DeLuna and the unknown officer watched without inervening. (*Id.* at ¶ 7; *see also* R. 10, Am. Compl. at ¶¶ 12-16.) Following the beating, Plaintiff was taken to Roseland Hospital and then back to Cook County Jail. (R. 84, Def.'s Rule 56.1 St. at ¶ 8.)

Plaintiff alleges that the City should be held liable for the officers' actions because of its failure to train or supervise officers and because there was a practice of Chicago officers beating, harassing, and falsely charging black citizens. (R. 10, Am. Compl. at ¶¶ 26, 35.) Plaintiff asserts that newspaper articles about other police beatings demonstrate a widespread use of excessive force by Chicago officers and the City's deliberate indifference to such conduct. (*Id.* at ¶¶ 33-35.)

In response to deposition questions about other incidents of excessive force by the Defendant officers of this case, Plaintiff stated that he had heard of none. (R. 84, Exh. 3, Pl.'s Depostion at 100.) Nor had he heard of other officers behaving like the officers in this case, except for newspaper articles about Officers Burge, Brook, and Humphrey. (*Id.* at 101-02.) In response to interrogatories asking Plaintiff for similar instances of police beatings and falsely charging citizens, he responded either "N/A" because he know of no other incidents or referred to the allegations in his complaint. (R. 84, Rule 56.1 Statement ¶¶ 14-15; citing Exh. 5, Pl.'s responses to interrogatories.) In response to Defendants' requests for the production of documents of other incidents, Plaintiff provided only copies of his own medical records. (R. 84 at ¶ 16.)

Plaintiff's response to the City's summary judgment motion discusses whether the officers followed proper procedures for their use of force, such as giving warnings, and he attaches several of the investigation reports about the July 27, 2009, incident. (R. 88, Pl.'s Response.) Plaintiff also includes a General Order for police officers which discusses when use of force is allowed and provides a use of force model. (*Id.* at Exh. A9.)

### III. DISCUSSION

A local government cannot be held liable under § 1983 for an injury inflicted by its employees or agents on a theory of vicarious liability. "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 694-95 (1978). "In other words, to maintain a [*Monell*] claim against a municipality, one must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)."

*Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008), quoting *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002).

      A municipality may be liable for failure to train or supervise its officers "only when the inadequacy in training [or supervising] amounts to deliberate indifference to the rights of the individuals with whom the officers come into contact." *Jenkins v. Bartlett*, 487 F.3d 482, 492 (7th Cir. 2007). To prove deliberate indifference, a plaintiff must demonstrate more than " simple or even heightened negligence." *Id.*, quoting *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 407 (1997). Generally, proof of a single incident of a constitutional violation is insufficient to establish municipal liability. *Calhoun v. Ramsey*, 408 F.3d 375, 380 (7th Cir. 2005). Although a plaintiff "might succeed in proving a failure-to-train claim without showing a pattern of constitutional violations," courts have also noted that such proof would apply to a "narrow range of circumstances," which no court has yet found. *Id.* at 581, citing *Woodward v. Correctional Medical Services*, 368 F.3d 917, 929 (7th Cir. 2004). The Supreme Court has only hypothesized that a case may exist where "the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations." *Connick v. Thompson*, __ U.S. __, 131 S. Ct. 1350, 1361 (2011), ciitng *Canton v. Harris*, 489 U.S. 378, 390 (1989).

      In *Connick*, the Supreme Court stated that a claim of municipal liability for failure to train "is at its most tenuous" and, in almost all cases, requires a showing of a pattern of similar conduct to demonstrate that policymakers had notice of deficient training but "deliberately chose[] a training program that will cause violations of constitutional rights." *Connick*, 131 S. Ct. at 1360.

In the instant case, Plaintiff alleges that the City should be liable for the actions of four of its officers (Jones, Godinez, DeLuna, and an unknown "John Doe" officer) because the City allegedly failed to train its officers as to the proper use of force and knew that its officers had a propensity toward violence and harassing black citizens. (Am. Compl. at ¶¶ 25-26.) Plaintiff's responses to discovery, as well as his response to the summary judgment motion, however, reveal that he has no evidence of the deliberate indifference he alleges.

In response to the City's interrogatories asking for information about incidents prior to June 27, 2009, concerning either the officers involved in Plaintiff's beating or other beatings and false charging of black citizens, Plaintiff responded, "N/A, Due to Plaintiff has no knowledge of any instances on or before June 27, 2009." (R. 84-2, Exh. 5, Pl.'s Interrogatory Responses ¶¶ 2-6.) In response to the City's interrogatroy asking what evidence Plaintiff had to prove an unconstitutional policy of officers beating and falsely charging black citizens, Plaintiff discussed only his own incident of being brought to Area 2 under the guise of a false charge and beaten while he was there. (*Id.* at ¶ 7.) When asked to identify a policymaker who caused or was responsible for his constitutional injury, Plaintiff responded that he knew of none. (*Id.* at ¶ 8.) When asked to describe the unconstitutional policy, Plaintiff referred to the John Burge cases from years ago in Area 2, wherein Burge and other officers tortured suspects to obtain confessions. (*Id..* at ¶ 9.) Plaintiff's deposition testimony similarly demonstrates that Plaintiff knows of no other incidents involving the defendant officers of this case or other incidents of police violence other than officers mentioned in a newspaper article. (R. 84, Exh. 3, Pl.'s Depo. at 100-02.)

Plaintiff has the burden to come forth with evidence that establishes that the City had a custom or policy of deliberate indifference with training or supervising its officers. See *Arnett v.*

*Webster*, 658 F.3d 742, 760 (7th Cir. 2011) (summary judgment is considered "the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events"), quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003). Although demonstrating such evidentiary support may be more difficult for an inmate representing himself, Plaintiff's "*pro se* status doesn't alleviate his burden on summary judgment." *Arnett*, 658 F.3d at 760, citing *Marion v. Radtke*, 641 F.3d 874, 876–77 (7th Cir. 2011) ("when a plaintiff fails to produce evidence, the defendant is entitled to judgment; a defendant moving for summary judgment need not produce evidence of its own.").

In addition to his discovery responses, (*see* R. 84-2, Exh. 5), Plaintiff's response to the summary judgment motion indicates that he cannot establish a policy or custom of deliberate indifference. Plaintiff states that the officers beat him without warning, contrary to the City's Use of Force Model, and contends that the officers failed to follow such "use of force model in dealing with the plaintiff." (R. 88, Pl.'s Response at 2 and Exh. A9.) While such evidence may establish that the officers failed to follow the City's protocol with their use of force, Plaintiff presents no evidence demonstrating that the City failed to enact or train its officers about the use of force protocol. Even if Plaintiff could establish that the officers involved in his incident were not properly trained, he still has presented nothing more than a single incident of an improper use of force contrary to the City 's published method. At most, Plaintiff is only able to speculate about an unconstitutional policy or custom by the City, which simply is not enough at this stage of the case.

**CONCLUSION**

For the reasons stated in this opinion, Defendant City of Chicago's motion for summary judgment [83] is granted. Plaintiff's claims of municipal liability against the City are dismissed. He may proceed with his claim against the officers.

ENTER:

_____
**Ronald A. Guzman**
**United States District Court Judge**

**DATE: July 31, 2012**